UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------x

FREEDOM MORTGAGE CORPORATION,    :
                                                   :

                    Plaintiff,    :

                                                   :

      -against-    :    REPORT AND
                                                   :    RECOMMENDATION

SEETA ABASS, ACCEL CAPITAL, SUPERIOR    :
CAPITAL d/b/a COOPER ASSET, KEYBANK    :    No. 22-CV-5577-CBA-JRC
NA, NEW YORK CITY ENVIRONMENTAL    :
CONTROL BOARD, NEW YORK CITY    :
PARKING VIOLATIONS BUREAU, and NEW    :
YORK CITY TRANSIT ADJUDICATION    :
BUREAU,    :
                                                   :

                    Defendants.    :

--------------------------------------------------------------x

JAMES R. CHO, United States Magistrate Judge:

      Plaintiff Freedom Mortgage Corporation ("plaintiff") brings this foreclosure action

against defendants Seeta Abass ("Abass"), Accel Capital ("Accel"), Superior Capital d/b/a

Cooper Asset ("Superior"),[1] Keybank NA ("Keybank"), New York City Environmental Control

Board ("ECB"), New York City Parking Violations Bureau ("PVB") and New York City Transit

Adjudication Bureau ("TAB") (referring to ECB, PVB and TAB collectively as the "City

defendants") (hereafter, Accel, Superior, Keybank, ECB, PVB and TAB are collectively the

"nominal defendants"), pursuant to New York's Real Property Actions and Proceedings Law

("RPAPL"), Article 13.[2]  *See* Compl. ¶ 1, Dkt. 1.  Plaintiff seeks damages, attorneys' fees and

costs, and a judgment of foreclosure and sale.  *Id*. at Wherefore Clause; [Proposed] Judgment of

---

[1] Plaintiff and Superior stipulated to amending the caption to replace defendants Superior Capital and Cooper Asset with Superior Capital d/b/a Cooper Asset.  *See* Dkt. 17.  Accordingly, the caption is deemed amended as above.

[2] Plaintiff dismissed the claims it had brought against "John Doe #1" though "John Doe #10."  *See* Notice of Voluntary Dismissal, Dkt. 18.

Foreclosure and Sale ("Prop. J."), Dkt. 31-1; *see generally* Pl.'s Mem. in Supp. of Mot. for

Default J. ("Pl.'s Mem."), Dkt. 31-2.  Upon plaintiff's application and in light of defendants'

failure to appear in or otherwise defend this action, the Clerk of the Court noted the default of the

defendants on January 12, 2023.  Dkt. 15.

Currently pending before this Court, on a referral from the Honorable Carol Bagley

Amon, is plaintiff's motion for default judgment.  *See* Order Referring Motion dated March 21,

2024; Mot. for Default J., Dkt. 31.  For the reasons set forth below, this Court respectfully

recommends granting the motion in part and denying the motion in part, and that plaintiff be

awarded damages and additional relief as described below.

### Relevant Factual and Procedural Background

The following facts are drawn from plaintiff's complaint, supporting affidavit, and

accompanying exhibits, and are accepted as true for purposes of this motion.

Plaintiff brought this diversity action to foreclose on a mortgage encumbering 107-58

156th Street, Jamaica, New York 11433 in Queens County (the "Subject Property").  *See* Compl.

¶ 1.  Plaintiff is a New Jersey corporation with its principal office located in Mount Laurel, New

Jersey.  *See id.* ¶ 2.

On July 10, 2015, Abass executed and delivered a promissory note in the principal

amount of $434,981.00, plus interest (the "Note"), secured by a mortgage on the Subject

Property (the "Mortgage"), to United Mortgage Bankers, LTD.  *See* Compl. ¶ 6; Mortgage, Dkt.

1-4; Note, Dkt. 1-3.  On the same day, Abass executed and delivered the Mortgage to  Mortgage

Electronic Registration Systems, Inc., as mortgagee and as nominee for United Mortgage

Bankers, LTD, its successors and assigns, which was duly recorded in the Office of the City

Register for the City of New York, on August 10, 2015.  *See* Compl. ¶ 7; Mortgage, Dkt. 1-4.

Thereafter, on August 17, 2022, the Mortgage was assigned from Mortgage Electronic Registration Systems, Inc., as mortgagee and as nominee for United Northern Mortgage Bankers, LTD, to Freedom Mortgage Corporation, which assignment was recorded in the Office of the City Register of the City of New York, on September 6, 2022. *See* Compl. ¶ 8; Assignment of Mortgage, Dkt. 1-5. The Note was transferred via allonge between the same parties. S*ee* Allonge, Dkt. 1-3 at ECF page 3.[3]

Under the Mortgage and Note, Abass was obligated to make principal and interest payments totaling $2,076.67, plus taxes and insurance, starting on September 1, 2015. *See* Note ¶ 4. Under the Mortgage, if Abass failed to make a payment within thirty days of the due date, Abass would be in default. *See* Mortgage ¶ 9. If Abass defaulted, the Note holder could exercise the right to force immediate payment of the full amount of the remaining principal, all accrued interest, and reasonable attorneys' fees and costs incurred. *Id.* ¶¶ 9, 18; Note ¶ 6(B).

Plaintiff alleges that Abass defaulted under the Mortgage by failing to make the required monthly payments since October 1, 2019, leaving an outstanding principal balance of $401,488.46. *See* Compl. ¶¶ 9-10; Decl. of Lorri Beltz ("Beltz Decl.") ¶ 6, Dkt. 31-3. On April 21, 2022, plaintiff mailed a 90-day Notice pursuant to RPAPL § 1304 to Abass via first class and certified mail, and filed the 90-day Notice with the New York State Superintendent of Financial Services in accordance with RPAPL § 1306(2). *See* Beltz Decl. ¶¶ 11-14; Mailing, Dkt. 31-3 at ECF pages 64-104, 107-11; Proof of Filing Statement, Dkt. 31-3 at ECF page 105-06; Compl. ¶ 12.

On September 20, 2022, plaintiff commenced this action alleging, *inter alia*, that Abass

---

[3] References to the page numbers generated by the Court's electronic case filing system appear as "ECF page."

had failed to make payments in accordance with the terms of the Mortgage and Note since October 1, 2019. *See* Compl. ¶ 9. Plaintiff also named as defendants the nominal defendants, alleging that they hold liens on the Subject Property that are subordinate to plaintiff's Mortgage. *Id.* ¶ 3 & Schedule B, Dkt. 1-2.

Abass was served with the summons and complaint on October 14, 2022, and the nominal defendants were served in October and November 2022. *See* Dkts. 11, 13. On January 12, 2023, the Clerk of the Court entered a Certificate of Default against defendants after they failed to respond to the complaint. *See* Dkt. 15.

On March 8, 2023, plaintiff filed a motion for default judgment. *See* Dkt. 19. After the motion was referred to the undersigned, this Court recommended denying plaintiff's motion without prejudice because plaintiff failed to establish that it had satisfied the requirements of section 1304 of the RPAPL by mailing 90-day Notices to Abass at the Subject Property and Abass' last known address. *See* Report and Recommendation dated 2/22/2024 ("R&R") at 8-9, Dkt. 27. In addition, the Court found that plaintiff failed to prove that it complied with RPAPL § 1331, which requires that plaintiff file a notice of pendency of the action and a copy of the complaint, with the county clerk's office. *See id.* at 10. The Court further identified for plaintiff certain deficiencies in its request for damages. *See id.* at 10-12. In response, plaintiff withdrew its first motion for default judgment. *See* Dkt. 30.

On March 21, 2024, plaintiff filed a second motion for default judgment. In this motion, plaintiff seeks to recover: (1) $401,488.46 in outstanding principal; (2) interest through March 20, 2024 in the amount of $73,103.64 and at the rate of 4 percent per annum until the entry of judgment; (3) escrow advances (including taxes, hazard insurance, and mortgage insurance) in the amount of $64,802.29; (4) property inspections in the amount of $650.00; (5) NSF fees in the

amount of $255.00; (6) late charges (prior to acceleration) in the amount of $1,453.40; (7) attorneys' fees in the amount of $5,650.00; and (8) costs and disbursements in the amount of $1,773.50.  *See* Beltz Decl. ¶ 16; Tremaroli Decl. ¶ 17, Dkt. 31-5; Prop. J.  Plaintiff further requests the appointment of a Referee to effectuate the sale and disburse the funds from such sale.  *See* Pl.'s Mem., Dkt. 31-2 at ECF page 6; Prop. J.  In support of the motion, plaintiff submitted an affidavit, along with a copy of defendant Abass' payment history, tax and insurance invoices, and other payment and billing records.

At a hearing held on the motion on December 10, 2024, the Court directed plaintiff to supplement the motion for default judgment to address its request for default against the City defendants.  *See* Minute Entry dated 12/10/2024; Supplemental Declaration in Support ("Supp. Decl."), Dkt. 38.

## Discussion

### I.    Standing

Since plaintiff is not an original party to the Note, this Court will first address plaintiff's standing to bring this foreclosure action.  *See Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care*, 433 F.3d 181, 198 (2d Cir. 2005) ("Because the standing issue goes to this Court's subject matter jurisdiction, it can be raised *sua sponte*.").  "Under New York law, '[a] plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note.'"  *E. Sav. Bank, FSB v. Thompson*, 631 F. App'x 13, 15 (2d Cir. 2015) (quoting *Wells Fargo Bank, N.A. v. Rooney*, 19 N.Y.S.3d 543, 544 (2d Dep't 2015)).  "[E]ither a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage

passes with the debt as an inseparable incident." *Id.* (quoting *U.S. Bank, N.A. v. Collymore*, 890 N.Y.S.2d 578, 580 (2d Dep't 2009)). "Holder status is established where the plaintiff possesses a note that, on its face or by allonge, contains an indorsement in blank or bears a special indorsement payable to the order of the plaintiff." *Id.* (quoting *Wells Fargo Bank, NA v. Ostiguy*, 8 N.Y.S.3d 669, 671 (3d Dep't 2015)).

Here, plaintiff alleges, and submits documentation to establish, that it has been in possession of the Note and has been assigned the Mortgage since August 17, 2022, which assignment was recorded on September 6, 2022. *See* Compl. ¶¶ 2, 8; Beltz Decl. ¶¶ 3-4; Assignment of Mortgages, Dkt. 1-5; Allonge, Dkt. 1-3 at ECF page 3. Plaintiff has provided copies of the Note and Mortgage as exhibits to the complaint. *See* Note, Dkt. 1-3; Mortgage, Dkt. 1-4. Since plaintiff has submitted uncontroverted evidence that it held the Note and Mortgage when it commenced this action on September 20, 2022, this Court finds that plaintiff has standing to pursue this action. *See Thompson*, 631 F. App'x at 15-16; *Blue Castle (Cayman) LTD v. 1767 TP Ave LLC*, No. 22-CV-9577, 2024 WL 4135194, at *4 (S.D.N.Y. Sept. 10, 2024) ("Attachment of the Note as an exhibit to the Complaint was sufficient to establish standing since it demonstrated that the plaintiff was in physical possession of the [N]ote at the time the action was commenced.") (internal quotation marks and citation omitted); *JXB 84 LLC v. Khalil*, No. 15-CV-6251, 2017 WL 1184001, at *3 (E.D.N.Y. Feb. 17, 2017), *report and recommendation adopted*, 2017 WL 1184141 (E.D.N.Y. Mar. 29, 2017).

## II.    Legal Standards

Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process for entry of a default judgment. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95-96 (2d Cir. 1993). First, the Clerk of Court enters the default pursuant to Rule 55(a) by notation of the party's default on

the Clerk's record of the case.  *See id.*; *see also* Fed R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.").  This first step is nondiscretionary.  *See United States v. Conolly*, 694 F. App'x 10, 12 (2d Cir. 2017).  Second, after the Clerk of Court enters a default against a party, if that party fails to appear or otherwise move to set aside the default pursuant to Rule 55(c), the plaintiff may apply to the court for a default judgment.  *See* Fed. R. Civ. P. 55(a), (b)(2).

In light of the Second Circuit's "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored."  *Enron Oil*, 10 F.3d at 95-96.  When evaluating a plaintiff's application for a default judgment, "a court is required to accept all [] factual allegations as true and draw all reasonable inferences in [plaintiff's] favor."  *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009).  "Nevertheless, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law."  *Labarbera v. ASTC Labs., Inc.*, 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010) (internal quotations and citations omitted); *see also TAGC Mgmt., LLC v. Lehman, Lee & Xu Ltd.*, 536 F. App'x 45, 46 (2d Cir. 2013) ("[P]rior to entering default judgment, a district court is required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law.") (internal quotations and citations omitted).

## III.  Pre-Foreclosure Procedures

Article 13 of the RPAPL provides for certain requirements that must be complied with in a foreclosure action, even in federal court.  *See, e.g., Windward Bora LLC v. Durkovic as Tr. of McQueen Fam. Tr.*, No. 22-CV-411, 2024 WL 3455841, at *4-5 (E.D.N.Y. July 18, 2024); *Wilmington Sav. Fund Soc'y, FSB as trustee of Aspen Holdings Tr.  v. Fernandez*, 712 F. Supp.

3d 324, 333-34 (E.D.N.Y. 2024). Section 1303 requires the plaintiff to serve a specific notice on the defendant, with the summons and complaint. *See* RPAPL § 1303. Section 1304 requires that plaintiff serve an additional notice at least ninety days before commencing a foreclosure action. *See id.* § 1304(1). That notice must be sent "by registered or certified mail and also by first-class mail to the last known address of the borrower, and to the residence that is the subject of the mortgage." *Id.* § 1304(2). RPAPL § 1306 requires that plaintiff file certain information with the Superintendent of Financial Services, within three business days of mailing the notice required by section 1304.[4] *See* RPAPL § 1306. Plaintiff is also required to serve a special summons once the foreclosure action is filed. *See* RPAPL § 1320. Finally, RPAPL § 1331 requires that plaintiff file a notice of pendency of the action, as well as a copy of the complaint, in the clerk's office of the county where the subject property is located. *See* N.Y. RPAPL §§ 1331, 6511(a) ("Unless it has already been filed in that county, the complaint shall be filed with the notice of pendency.").

Plaintiff has complied with each of the statutory requirements. First, plaintiff's process server avers that he served on Abass the notice required by section 1303 with the summons and complaint, and the notice attached to the complaint complies with the requirements contained in section 1303. *See* Dkt. 1 at ECF page 5; Dkt. 11 at ECF page 1. Plaintiff has also submitted a Proof of Filing Statement from the New York State Department of Financial Services stating that plaintiff filed the information required by section 1306 on April 21, 2022. *See* Dkt. 31-3 at ECF page 105. Plaintiff's process server further avers that he served the special summons required by

---

[4] Section 1306(2), in turn, requires that "[e]ach filing delivered to the superintendent shall be on such form as the superintendent shall prescribe, and shall include at a minimum, the name, address, last known telephone number of the borrower, and the amount claimed as due and owing on the mortgage, and such other information as will enable the superintendent to ascertain the type of loan at issue." *Id.* § 1306(2).

section 1320 on Abass, and the summons submitted contains the content required by section 1320. *See* Dkt. 11 at ECF page 1; Dkt. 31-8.

In this Court's February 22, 2024 Report and Recommendation, the Court found that plaintiff failed to establish compliance with section 1304(2)'s requirement that the 90-day notice be mailed to the borrower at the "last known address" and "the residence that is the subject of the mortgage." R&R at 5. Specifically, the Court observed that plaintiff mailed the 90-day notices to the Subject Property, 107-58 156th Street, Jamaica, New York 11433, and to an additional address, 155-13 108th Avenue, Jamaica, New York 11433. *Id.* at 8 (citing Dkt. 19-2 at ECF pages 65-84, 85-104). However, the complaint was served on Abass, and the motion for default judgment was mailed to Abass, at a different address – 107-28 123rd Street, South Richmond Hill, New York 11419. *Id.* (citing Dkts. 14, 21, 23, 25). Therefore, the Court concluded that plaintiff did not establish that it had mailed the 90-day notice to Abass' "last known address," as required by section 1304. *Id.* at 9 (citing cases).

The Court also found that plaintiff failed to demonstrate that it filed a copy of the complaint, along with the notice of pendency in the county clerk's office where the Subject Property is located, as required by section 1331. *Id.* at 10.

In its second motion for default judgment, plaintiff submitted the declaration of Lorri Beltz, a Vice President of Freedom Mortgage, who has "personal knowledge" of how Freedom Mortgage services its mortgage loans and how it maintains its records for those mortgage loans. *See* Beltz Decl. ¶¶ 1, 2, Dkt. 31-3. Beltz explains that the only addresses known to plaintiff at the time that the section 1304 notice was sent were the two addresses assigned to the corner two family property – 107-58 156th Street and 155-13 108th Avenue. *See* Beltz Decl. ¶ 9. Plaintiff only learned that Abass could be located at an additional address, 107-28 123rd Street, after

9

plaintiff commenced this action.  *See id.* ¶ 15.[5]  Accordingly, plaintiff has established that the section 1304 notice was sent to the last known address of Abass as of the time of mailing, which was the Subject Property.  *See Miami Home LLC v. Viera*, No. 18-CV-1398, 2023 WL 5830333, at *5 (E.D.N.Y. July 26, 2023) (finding that plaintiff corrected deficiencies in earlier default motion by submitting affidavit "that the Subject Property was the 'last known notice address for the borrowers' at the time of mailing"), *report and recommendation adopted*, 2023 WL 5123888 (E.D.N.Y. Aug. 10, 2023).

In addition, plaintiff submitted an affidavit establishing that it complied with section 1331's notice of pendency requirement.  Plaintiff's counsel avers that on September 23, 2022, plaintiff filed a notice of pendency, along with the complaint, with the Queens County Clerk's Office.  *See* Tremaroli Decl. ¶ 11, Dkt. 31-5; Notice of Pendency and Complaint, Dkt. 31-11.  Therefore, plaintiff has now demonstrated its compliance with the statutory requirements contained in Article 13.

## IV.    Mortgage Foreclosure

### A.    Applicable standards

Under New York law, "[t]o foreclose on a mortgage, a plaintiff must demonstrate (1) the existence of a mortgage; (2) ownership of the mortgage; and (3) the defendant's default in payment on the loan [secured by the mortgage]."  *Sec'y of U.S. Dep't of Hous. & Urb. Dev. v.*

---

[5] The Court notes that plaintiff's explanation is not entirely consistent with the record of the case.  Plaintiff states that "Freedom learned that Defendant could be located at 10728 123rd Street, South Richmond Hill, New York 11419 only after a third-party process server, engaged by Freedom's counsel in the above captioned action, attempted service process upon Defendant on November 14, 2022 and November 23, 2022, following an unsuccessful attempt to serve process upon Defendant at the Property and that known mailing address."  Beltz Decl. ¶ 15; *see also* Vigitsov Aff. ¶ 11, Dkt. 31-4 (averring that process server obtained the 123rd Street address on December 5, 2022).  On the contrary, plaintiff's process server delivered process to Abass personally at 107-28 123rd Street, on October 14, 2022.  Dkt. 11 at ECF page 1.  Despite the discrepancy, it is undisputed that plaintiff did not learn of Abass' new address until after plaintiff had commenced this action.

*Kings Cnty. Pub. Admin.*, No. 22-CV-7925, 2023 WL 7169000, at *3 (E.D.N.Y. Sept. 13, 2023) (internal citation and quotation marks omitted), *report and recommendation adopted*, 2023 WL 7167515 (E.D.N.Y. Oct. 31, 2023); *Sec'y of U.S. Dep't of Hous. & Urb. Dev. v. Robedee*, No. 22-CV-809, 2022 WL 18284844, at *4 (E.D.N.Y. Dec. 5, 2022), *report and recommendation adopted*, 2022 WL 17850116 (E.D.N.Y. Dec. 22, 2022).  Once the plaintiff submits the mortgage, the unpaid note, and evidence of the default, it has established a *prima facie* entitlement to judgment, and the burden shifts to the defendant to rebut the plaintiff's evidence. *See Kings Cnty. Pub. Admin.*, 2023 WL 7169000, at *3; *United States v. Watts*, No. 13-CV-3211, 2014 WL 4275628, at *3 (E.D.N.Y. May 28, 2014), *report and recommendation adopted*, 2014 WL 4293815 (E.D.N.Y. Aug. 28, 2014).

### B.    Plaintiff entitled to foreclosure

Here, the allegations in the complaint, as well as the evidence submitted in support of plaintiff's motion, establish that plaintiff is entitled to foreclosure.  Plaintiff has produced copies of the Note, Mortgage, and assignment, thereby establishing the borrower's obligations arising thereunder.  The Note, Mortgage, and accompanying documents establish the existence of a debt owed by the borrower, and plaintiff's ownership of the Note and Mortgage.  *See Wilmington Sav. Fund Soc'y, FSB v. White*, No. 17-CV-2288, 2022 WL 5432771, at *8 (E.D.N.Y. July 27, 2022) (finding that the plaintiff had "the right to enforce the . . . [m]ortgage" when it had "demonstrated possession of the [n]ote and accompanying [m]ortgage prior to the commencement of the instant action [and] ha[d] produced . . . all relevant assignment documents"), *report and recommendation adopted as modified*, 2022 WL 4235326 (E.D.N.Y. Sept. 14, 2022); *Gustavia Home, LLC v. Bent*, 321 F. Supp. 3d 409, 415 (E.D.N.Y. 2018) (finding that "copies of the Mortgage, Note, alonges, and chain of assignments" was "evidence .

. . that establishes a *prima facie* case of entitlement to judgment").  Plaintiff also has established that the borrower defaulted by failing to make the required monthly payments beginning October 1, 2019 (*see* Beltz Decl. ¶ 6; Compl. ¶ 9).  *See Freedom Mortg. Corp. v. McLain*, No. 23-CV-1309, 2023 WL 8473948, at *3 (E.D.N.Y. Oct. 12, 2023), *report and recommendation adopted*, 2023 WL 7320257 (E.D.N.Y. Nov. 7, 2023); *Gustavia Home*, 321 F. Supp. 3d at 415 (finding that affidavit stating that "defendant . . . failed to cure the default" was sufficient proof of borrower's default).  Abass' default triggered plaintiff's right to accelerate the loan and to require full payment of the principal amount outstanding.  *See* Mortgage ¶ 9.

Because defendants have not answered the complaint or otherwise opposed the instant motion, they have failed to rebut plaintiff's *prima facie* showing that it is entitled to foreclosure.  *See Kings Cnty. Pub. Admin.*, 2023 WL 7169000, at *3; *Sec'y of U.S. Dep't of Hous. & Urb. Dev. v. Nassau Cnty. Pub. Admin. as Admin. of the Estate of Ella Mae Key a/k/a Mae Key, Deceased*, No. 19-CV-3547, 2023 WL 2421676, at *7 (E.D.N.Y. Feb. 9, 2023).

### C.    Other subordinate lienholders

Plaintiff names the New York City Environmental Control Board, New York City Parking Violations Bureau, and New York City Transit Adjudication Bureau, Accel Capital, Superior Capital d/b/a Cooper Asset, and Keybank NA as possible subordinate lien holders.  In an attachment to the complaint, plaintiff alleges that Accel Capital, Superior Capital and Keybank NA are "Judgment Creditors" and the City defendants are "Possible Judgment Creditors."  Dkt. 1-2.  Plaintiff alleges that these nominal defendants "have or claim to have some interest in or lien upon said mortgaged premises or some part thereof which interest or lien, if any, has accrued subsequent to the lien of plaintiff's mortgage, or has been paid or equitably subordinated to plaintiff's mortgage or been duly subordinated thereto."  Compl. ¶ 3.

12

Section 1311 of the RPAPL requires that the necessary parties to a mortgage foreclosure action include "[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff." RPAPL § 1311(3). "This rule 'derives from the underlying objective of foreclosure actions -- to extinguish the rights of redemption of all those who have a subordinate interest in the property and to vest complete title in the purchaser at the judicial sale.'" *Bank of Am., N.A. v. 3301 Atl., LLC*, No. 10-CV-5204, 2012 WL 2529196, at *14 (E.D.N.Y. June 29, 2012) (quoting *NC Venture I, L.P. v. Complete Analysis, Inc*., 803 N.Y.S.2d 95, 97-98 (2d Dep't 2005)). Default judgment is appropriate against such a defendant where the complaint alleges "nominal liability," *i.e*., that any judgments or liens a defendant may have against the property are subject and subordinate to plaintiff's lien. *See E. Sav. Bank, FSB v. Rabito*, No. 11-CV-2501, 2014 WL 4804872, at *7 (E.D.N.Y. Sept. 10, 2014), *report and recommendation adopted*, 2014 WL 4804901 (E.D.N.Y. Sept. 26, 2014). "When a default judgment is entered against a defendant with a 'nominal interest' in the property, any such interest in the relevant property is terminated." *Windward Bora LLC v. Baez*, No. 19-CV-5698, 2020 WL 4261130, at *3 (E.D.N.Y. July 24, 2020).

Under New York law, however, where a city agency is named as a defendant, heightened pleading requirements apply such that the complaint must set forth "[d]etailed facts showing the particular nature of the interest in or lien on the real property and the reason for making such city a party-defendant." RPAPL § 202-a(1). Where a lien exists by virtue of a judgment, the complaint must provide "the name of the court, date recorded, clerk's office in which filed, the names of the parties against whom and in whose favor such judgment was recovered and a brief description of the grounds for or the nature of such judgment." *Id.* § 202-a(2). Conclusory allegations that an entity is the holder of a lien encumbering the property, which is subject and

13

subordinate to the plaintiff's mortgage, are insufficient.  *See Gustavia Home, LLC v. Lawrence*, No. 16-CV-4010, 2017 WL 4404434, at *4 (E.D.N.Y. June 22, 2017), *report and recommendation adopted*, 2017 WL 4402448 (E.D.N.Y. Oct. 2, 2017) (citations omitted). Plaintiff must substantiate its allegations with documentary evidence, such as a title report.  *See Baez*, 2020 WL 4261130, at *3.

Although plaintiff's motion for default seeks to extinguish the rights of all defendants to the Property, plaintiff failed to brief the issue of default judgment against the nominal defendants, focusing solely on the mortgage foreclosure.  *See generally* Pl.'s Mem.  Further, plaintiff fails to allege with proper specificity what interest the City defendants have encumbering the Property.  Although, initially, plaintiff did not submit any lien information relating to the City defendants, plaintiff has now supplemented its motion with the results of a title search, which demonstrate the existence of ECB and PVB violations against Abass at the Premises.  *See* Supp. Tremaroli Decl., Dkt. 38; ECB Search Results, Dkt. 38-2; PVB Search Results, Dkt. 38-3.

Plaintiff properly served the City defendants with the summons and complaint.  *See* Dkt. 13 at ECF pages 2-4.  Since plaintiff has established the existence of ECB and PVB violations by submitting evidentiary documentation demonstrating their interest in the property, there is sufficient evidence to find that ECB and PVB are necessary parties in this matter and that the Court should enter default judgment against them.  *See McLain*, 2023 WL 8473948, at *4 (recommending granting default judgment against ECB based on documents demonstrating its interest in the subject property); *CIT Bank, N.A. v. McDonnell*, No. 18-CV-476, 2023 WL 2361381, at *9 (E.D.N.Y. Feb. 2, 2023) (recommending granting default judgment against nominal defendants alleged to have liens subordinate to plaintiff).

On the other hand, plaintiff has not submitted any lien information regarding TAB.  In fact, plaintiff concedes that TAB "was added to this action as a precaution."  *See* Supp. Tremaroli Decl. ¶ 6, Dkt. 38.  Accordingly, this Court respectfully recommends denying plaintiff's motion for a default judgment as to TAB.  *See Freedom Mortg. Corp. v. Trejo*, No. 22-CV-7116, 2024 WL 3465241, at *10 (E.D.N.Y. July 19, 2024) (recommending denying default judgment and dismissing claims against TAB and ECB), *report and recommendation adopted*, Order dated Aug. 26, 2024; *Freedom Mortg. Corp. v. D'Amato*, No. 22-CV-7804, 2024 WL 1051129, at *4 (E.D.N.Y. Jan. 22, 2024) (recommending denying default judgment and dismissing claims against ECB, PVB, and TAB), *report and recommendation adopted*, 2024 WL 662486 (E.D.N.Y. Feb. 17, 2024).

With respect to Accel Capital, Superior Capital d/b/a Cooper Asset, and Keybank NA, these defendants were properly served with the summons and complaint, as well as the motion for default judgment.  *See* Dkt. 11 at ECF pages 2-5; Dkt. 13 at ECF page 1; Dkt. 32.  These defendants have not challenged the claim that their interests are subordinate to plaintiff.  Indeed, Superior Capital d/b/a Cooper Asset acknowledged by stipulation that any interest or lien it has against the Subject Property is subordinate to plaintiff's mortgage.  *See* Dkt. 17.  Therefore, the Court recommends that the Court enter default judgment against defendants Accel Capital, Superior Capital d/b/a Cooper Asset and Keybank NA, and extinguish any interest they may have in the property.  *See Kings Cnty. Pub. Admin.*, 2023 WL 7169000, at *3 (recommending granting default judgment against subordinate lienors and finding their interests extinguished); *Nassau Cnty. Pub. Admin.*, 2023 WL 2421676, at *5 (same); *Robedee*, 2022 WL 18284844, at *5 (same).

Accordingly, this Court respectfully recommends **granting in part and denying in part**

plaintiff's motion for default judgment as discussed further below.

## V.    Damages

While the allegations of a complaint concerning liability are deemed admitted upon entry

of default, allegations relating to damages are not.  *See Cement & Concrete Workers Dist.*

*Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v.*

*Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (citing *Greyhound*

*Exhibitgroup v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)).  Rather, a court must

ensure that there is an evidentiary basis for the damages sought by a plaintiff before entering

judgment in the amount demanded.  *See Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40

(2d Cir. 1989).  A court may make this determination based upon evidence presented at a hearing

or upon a review of detailed affidavits and documentary evidence.  *See* Fed. R. Civ. P. 55(b)(2);

*Joe Hand Promotions, Inc. v. Levin*, No. 18-CV-9389, 2019 WL 3050852, at *3 (S.D.N.Y. July

12, 2019) (holding that a hearing is "not necessary as long as [the Court] ensure[s] that there was

a basis for the damages specified in the default judgment") (alterations in original, internal

quotations omitted); *Fustok*, 873 F.2d at 40 (noting that a court may rely on detailed affidavits

and documentary evidence as the basis for determining damages to be awarded in a default

judgment).

As noted above, this Court found that plaintiff's first motion for default judgment had

certain deficiencies with respect to plaintiff's request for damages.  *See* R&R at 10-12.  For

example, the Court noted that several of the documents submitted by plaintiff identify a different

property address than the address for the Subject Property, as identified on the Note and

Mortgage (*i.e.*, 155-13 108th Avenue, Jamaica, New York 11433 instead of the Subject Property

located at 107-58 156th Street, Jamaica, New York 11433).  *See id.* at 10-11.  The Court further

found that plaintiff failed to establish the damages sought for "escrow advances," late charges, property inspections and "NSF Fees," based on the documents submitted. *See id.* at 11-12. In response, as noted above, plaintiff has clarified that both addresses above correspond to the Subject Property, a corner property. *See* Beltz Decl. ¶ 9. As to the damages claimed, plaintiff has now provided an additional declaration, a payment history, a loan history of the escrow disbursements, copies of the New York City Department of Finance tax bills, copies of insurance bills, and property inspection invoices. *See* Dkt. 31-3.

For the reasons set forth below, this Court concludes that a hearing on the issue of damages is unwarranted and respectfully recommends awarding plaintiff relief as discussed below.

### A.    Outstanding Principal

Plaintiff requests a principal balance of $401,488.46. *See* Beltz Decl. ¶ 16. Pursuant to the terms of the Note, Abass agreed to pay $434,981.00 in principal. *See id.* ¶ 3; Note ¶ 2. The Note provides that in the event of the borrower's default, plaintiff is entitled to the full amount of the outstanding principal of the loan. *See* Note ¶ 6(B). As set forth in the Beltz declaration and plaintiff's records, at the time of Abass' default on October 1, 2019, the unpaid principal balance was $401,488.46. *See* Beltz Decl. ¶ 16; Transaction History, Dkt. 31-3 at ECF pages 10-15. The Court confirmed plaintiff's calculations and the supporting documents establish that Abass failed to make payments on the unpaid principal balance of $401,488.46, as of October 1, 2019. *See McLain*, 2023 WL 8473948, at *5. Therefore, the Court recommends awarding plaintiff **$401,488.46** for the unpaid principal balance.

**B.      Interest**

Plaintiff requests interest on the unpaid principal balance from September 1, 2019 to March 20, 2024.  *See* Beltz Decl. ¶ 16.  The terms of the Note provide that interest accrues on the unpaid principal balance at a rate of 4 percent per year.  *See* Note ¶ 2.  Applying the 4 percent annual interest rate to the unpaid principal balance of $401,488.46, interest accrues at a rate of $44.00 per day (($401,488.46 x 4 percent) / 365 days).  Accordingly, based on the Court's calculation, the Court recommends awarding plaintiff **$73,128.00** in interest from September 1, 2019 through March 20, 2024 ($44.00 x 1662 days), plus additional interest at a rate of **$44.00** per day from March 21, 2024 until the entry of judgment.

**C.      Late Charges**

Plaintiff seeks $1,453.40 in "late charges prior to acceleration of the loan."  *See* Beltz Decl. ¶¶ 16 & n.9.  The Note provides that if a monthly payment is more than fifteen days late, the borrower must pay a late charge of 4 percent on the amount overdue.  *See* Note ¶ 6(A).  In her declaration, Ms. Beltz lists late charges assessed to Abass for the months of March 2019 through February 2020, ranging from $116.32 to $141.16.  *See* Beltz Decl. ¶ 16; Dkt. 31-3 at ECF pages 10-12, 118-19.[6]  Accordingly, the Court recommends awarding late payments for the months of March 2019 through February 2020, for a total of **$1,453.40**, as reflected in plaintiff's account history, *see* Dkt. 31-3 at ECF pages 10-12, 118-19.

**D.      Escrow Advances, Property Inspection Fees and "NSF Fees"**

Plaintiff seeks to recover escrow advances totaling $64,802.29, including $58,030.44 in tax disbursements, $10,189.00 in hazard insurance disbursements, and $18,875.70 in mortgage

---

[6] Plaintiff appears to have waived late charges for March 2020 until June 2020.  *See* Dkt. 31-3 at ECF page 118.

insurance ("PMI/MIP"), minus a deduction of $22,292.85 for an "Escrow Credit."[7]  *See* Beltz

Decl. ¶ 16.  In addition, plaintiff seeks to recover $650 in property inspection and $255 in "NSF

Fees."  *Id.*  The Mortgage provides that Abass is required to pay with each monthly payment

"taxes and special assessments," "leasehold payments," "premiums for [hazard] insurance," and

"mortgage insurance premiums."  Mortgage ¶ 2, Dkt. 1-4.  Moreover, if the borrower fails to

make those payments, "Lender may do and pay whatever is necessary to protect the value of the

Property and Lender's rights in the Property, including payment of taxes, hazard insurance and

other items . . . .  Any amounts disbursed by Lender under this paragraph shall become an

additional debt of Borrower and be secured by this Security Instrument."  *Id.* ¶ 7.  In addition, the

Note provides that plaintiff "may require Borrower to pay costs and expenses including

reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by

applicable law."  Note ¶ 6(C), Dkt. 1-3.

Plaintiff provides an "escrow transaction history" with a breakdown of itemized charges

and payments or "credits" that make up the escrow balance, including those payments made by

plaintiff, and the underlying invoices.  *See* Escrow Transaction History, Dkt. 31-3 at ECF pages

124-28; *see also* Invoices, Dkt. 31-3 at ECF pages 10-15, 130-71 (taxes), 173-182 (hazard

insurance); 184-87 (mortgage insurance).  Plaintiff has sufficiently demonstrated that it is

entitled to recover the cost of hazard insurance, taxes, and mortgage insurance that it paid related

to the subject property.  The Court has also confirmed the accuracy of plaintiff's calculations for

$64,802.29.

---

[7] Although plaintiff does not explain how it calculated the credit, since it benefits Abass, the Court applies a credit in that amount.

In addition, plaintiff has submitted a list of the individual property inspections and corresponding invoices. *See* Beltz Decl. ¶ 16; Dkt. 31-3 at ECF pages 189-260.

In sum, since plaintiff has corroborated its request for these costs with witness testimony and the relevant business records, the Court recommends granting the amount sought of **$64,802.29** in escrow advances and **$650.00** in property inspections. *See ARCPE Holding, LLC v. 9Q4U5E LLC*, No. 19-CV-6417, 2022 WL 2467085, at *4 (E.D.N.Y. Apr. 15, 2022).

However, plaintiff has failed to explain the "NSF Fees" requested, in the amount of $255.00. Although it appears that "NSF Fees" are charged when a mortgage payment is returned by the borrower's bank,[8] *see* Dkt. 31-3 at ECF page 11, the burden is on plaintiff to support its request for damages, *see D'Amato*, 2024 WL 662486, at *3 (adopting report and recommendation over plaintiff's objection, that request for escrow advances and property inspection fees be denied). Plaintiff has not explained the nature of these charges or why they were incurred. *See Axos Bank v. 64-03 Realty LLC*, No. 20-CV-3549, 2024 WL 1435971, at *12 (E.D.N.Y. Apr. 3, 2024) (denying "NSF Fees" where plaintiff did not "explain the basis for [its] contention that it is owed 'NSF' fees"); *RCB Equities No. 3, LLC v. Alma Bldg., LLC*, No. 11-CV-1004, 2012 WL 832263, at *5 (E.D.N.Y. Feb. 22, 2012) (denying NSF Fees where "plaintiff has not even specified when the $25.00 NSF fees were charged (*i.e.*, when the debit was unsuccessful), let alone demonstrated evidence of such a charge"), *report and recommendation adopted as modified*, 2012 WL 832286 (E.D.N.Y. Mar. 12, 2012). Importantly, the Note and Mortgage do not provide for a penalty if the borrower's payment is returned. Therefore, this Court recommends **denying** plaintiff's request for "NSF Fees."

---

[8] "NSF" typically stands for non-sufficient funds.

VI.    **Attorneys' Fees and Costs**

Plaintiff seeks attorneys' fees in the amount of $5,650.00 and $1,773.05 in costs.  *See*

Tremaroli Decl. ¶ 17, Dkt. 31-5.  A plaintiff in a foreclosure action may recover attorneys' fees

and costs against a borrower-defendant if the note or mortgage provides for such an award.  *See*

*Kings Cnty. Pub. Admin.*, 2023 WL 7169000, at *5; *Onewest Bank N.A. v. Louis*, No. 15-CV-

597, 2016 WL 3552143, at *10 (S.D.N.Y. June 22, 2016), *report and recommendation adopted*,

2016 WL 4059214 (S.D.N.Y. July 28, 2016).  The Note provides that in the event of default,

"Lender may require Borrower to pay costs and expenses including reasonable attorneys' fees

for enforcing this Note."  Note ¶ 6(C).  The Mortgage provides:  "In any lawsuit for foreclosure

and sale, Lender will have the right to collect all costs and disbursements . . . and will have the

right to add all reasonable attorneys' fees to the amount owed Lender[.]"  Mortgage ¶ 18.

Accordingly, plaintiff is entitled to recover reasonable attorneys' fees resulting from the

foreclosure proceeding and defendants' default.

In this Circuit, the amount of attorneys' fees to be awarded a prevailing party is

determined by calculating the "presumptively reasonable fee."  *Simmons v. New York City*

*Transit Auth.*, 575 F.3d 170, 172 (2d Cir. 2009).  To determine this fee, the Court begins by

multiplying the number of hours spent on the litigation by "a reasonable hourly rate."  *Hensley v.*

*Eckherhart*, 461 U.S. 424, 433 (1983).  Generally, "contemporaneous time records are a

prerequisite for attorney's fees in this Circuit."  *N.Y. State Ass'n for Retarded Child., Inc. v.*

*Carey*, 711 F.2d 1136, 1147 (2d Cir. 1983).

Here, however, plaintiff's counsel explains that "[b]ecause [Plaintiff's counsel] charges a

flat fee for foreclosure work, individual time sheets are not maintained."  Decl. of Services

Rendered ¶ 6, Dkt. 31-18.  In place of time records, plaintiff's counsel provided a list of services that were performed in connection with the action.  *Id.*

"In general, courts in this Circuit will not award attorney's fees assessed at a flat-rate unless the supporting documentation is detailed enough to satisfy the Second Circuit's requirement that attorneys' fees must be based on contemporaneous time records specifying relevant dates, time spent and work done."  *United States v. Basile*, No. 19-CV-7022, 2023 WL 5152519, at *4 (E.D.N.Y. June 27, 2023) (internal quotation marks and citations omitted), *report and recommendation adopted*, 2023 WL 5525096 (E.D.N.Y. Aug. 28, 2023).  Indeed, "[t]he absence of contemporaneous records precludes any fee award in all but the most extraordinary of circumstances." *Id.*

In similar cases with the same plaintiff and same counsel in this District, courts have reduced counsel's fee by 50 percent of the requested amount based on the record and affidavit provided.  *See D'Amato*, 2024 WL 662486, at *6 (overruling plaintiff's objection); *McLain*, 2023 WL 8473948, at *8; *see also Freedom Mortg. Corp. v. Rich*, No. 22-CV-4827, 2024 WL 4250330, at *7 (E.D.N.Y. Mar. 8, 2024) (recommending award of $3,650 to same plaintiff and counsel, amounting to reduction of $2,000); *Freedom Mortg. Corp. v. Phillip*, No. 19-CV-1215, 2020 WL 9812917, at *7 (E.D.N.Y. Mar. 2, 2020) (recommending reducing counsel's fee to $2,500).

Based on the work reflected in the record in this matter and the work described in counsel's affidavit, it would be unfair to deny fees entirely.  *See Nationstar Mortg. LLC v. Mullany*, No. 16-CV-5501, 2018 WL 4658437, at *6 (E.D.N.Y. Sept. 11, 2018) ("Given the amount of work reflected in the plaintiff's submissions and the work described in counsel's affirmation as having been performed, this Court finds an award for attorneys' fees is appropriate

under the circumstances."), *report and recommendation adopted*, 2018 WL 4637352 (E.D.N.Y. Sept. 27, 2018). This Court finds it appropriate to reduce counsel's request by half to $2,825.00, which is generally consistent with the amount of fees awarded by courts in this District involving the same plaintiff and counsel. Accordingly, this Court respectfully recommends awarding attorneys' fees in the amount of **$2,825.00** or half of the amount requested.

Plaintiff also seeks an additional $1,773.05 for costs in this action, including the Court's filing fee, service of process fees and the fee for filing the Notice of Pendency. *See* Tremaroli Decl. ¶ 17, Dkt. 31-5; Bill of Costs, Dkt. 31-17. As discussed above, the Note provides that plaintiff is entitled to "costs and expenses in enforcing this Note" and the Mortgage permits plaintiff to "collect all costs and disbursements" in an action for foreclosure and sale. Note ¶ 6(C); Mortgage ¶ 18. In addition, plaintiff has provided a detailed breakdown in the Bill of Costs, and supporting receipts. *See* Dkt. 31-17. Based upon the documentation plaintiff provided, this Court recommends awarding **$1,773.05** for costs and disbursements. *See McLain*, 2023 WL 8473948, at *8.

## VII. Judgment of Foreclosure and Sale and Appointment of Referee

Plaintiff requests appointment of a referee to "effectuate a sale of the mortgaged property and to disburse the funds from such sale pursuant to RPAPL § 1611." *See* Pl.'s Mem., Dkt. 31-2 at ECF page 6; Prop. J. Specifically, plaintiff requests the appointment of Stephanie S. Goldstone, Esq., as a referee to conduct the sale under the conditions outlined in the proposed Judgment of Foreclosure and Sale, including that the mortgage premises be sold as one parcel. *See* Prop. J.

A plaintiff is entitled to foreclose upon and sell a property if it demonstrates "the existence of an obligation secured by a mortgage, and a default on that obligation." *1st Bridge*

*LLC v. 682 Jamaica Ave., LLC*, No. 08-CV-3401, 2010 WL 4608326, at *3 (E.D.N.Y. July 13, 2010), *report and recommendation adopted*, 2010 WL 4607409 (E.D.N.Y. Nov. 4, 2010); *see also OneWest Bank N.A. v. Cole*, No. 14-CV-3078, 2015 WL 4429014, at *1 (E.D.N.Y. July 17, 2015) (authorizing foreclosure and sale of property upon entry of default judgment).  Further, courts routinely appoint referees to effectuate the sale of foreclosed properties.  *See, e.g.*, *Cole*, 2015 WL 4429014, at *5 (awarding a judgment of foreclosure and sale under the supervision of specific referee requested by plaintiff); *E. Sav. Bank, FSB v. Evancie*, No. 13-CV-878, 2014 WL 1515643, at *1, *4 (E.D.N.Y. Apr. 18, 2014).

Having determined that plaintiff has established its presumptive right to foreclose upon the Subject Property due to Abass' default, this Court respectfully recommends the appointment of Stephanie S. Goldstone, Esq. as referee to conduct the sale of the Property under the terms set forth in the proposed Judgment of Foreclosure and Sale (Dkt. 31-1).  *See McLain*, 2023 WL 8473948, at *8 (recommending approval of referee); *Kings Cnty. Pub. Admin.*, 2023 WL 7169000, at *5 (same).

## Conclusion

For the foregoing reasons, this Court respectfully recommends granting plaintiff's motion for default judgment against defendants Seeta Abass, Accel Capital, Superior Capital d/b/a Cooper Asset, Keybank NA, New York City Environmental Control Board, and New York City Parking Violations Bureau and further recommends entry of a final judgment awarding damages as follows:

(1)    $401,488.46 in unpaid principal;

(2)    $73,128.00 in interest from September 1, 2019 through March 20, 2024, plus additional interest at a rate of $44.00 per day from March 21, 2024 until the entry of judgment;

24

(3)    $1,453.40 in late charges;

(4)    $65,452.29 in escrow advances ($64,802.29) and disbursements (*i.e.*, property inspection costs of $650); and

(5)    $2,825.00 in attorneys' fees and $1,773.05 in costs.

This Court further recommends the appointment of Stephanie S. Goldstone, Esq., as referee to conduct the foreclosure and sale of the Property under the terms set forth in the proposed Judgment of Foreclosure and Sale (Dkt. 31-1).

The caption is deemed amended to replace defendants Superior Capital and Cooper Asset with Superior Capital d/b/a Cooper Asset.

Finally, the Court recommends denying plaintiff's motion for default judgment against the New York City Transit Adjudication Bureau and further recommends dismissing plaintiff's claims against the New York Transit Adjudication Bureau.

Any objections to the recommendations made in this Report must be filed with the Honorable Carol Bagley Amon within 14 days after the filing of this Report and Recommendation and, in any event, on or before **March 17, 2025**. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may waive the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam) (discussing waiver under the former ten-day limit).

A copy of this Report and Recommendation is being electronically served on counsel. Further, by **March 6, 2025**, the Court directs plaintiff's counsel to serve on defendants a copy of this Report and Recommendation by overnight mail and first-class mail at the addresses below, and to file proof of service on ECF:

25

Seeta Abass
107-28 123rd St. South
Richmond Hill, New York 11419

Seeta Abass
155-13 108 Avenue
Jamaica, New York 11433

Accel Capital
98 Wagstaff Ln.
West Islip, New York 11795

Law Office of Steven Cohen LLC
Attorney for Superior Capital d/b/a Cooper Asset
540 East 180th St., Suite 203
Bronx, New York 10457

Attn: Kyle Cohn, Esq.
Keybank NA
127 Public Square
Cleveland, Ohio 44114

New York City Environmental Control Board
100 Church Street
4th Floor
New York, New York 10007

New York City Parking Violations Bureau
100 Church Street
4th Floor
New York, New York 10007

New York City Transit Adjudication Bureau
130 Livingston Street
Brooklyn, New York 11201

**SO ORDERED**

Dated: Brooklyn, New York
        March 3, 2025

s/ James R. Cho
James R. Cho
United States Magistrate Judge