UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
FREEDOM MORTGAGE CORPORATION,

Plaintiff,

-against-

SEETA ABASS, ACCEL CAPITAL, SUPERIOR CAPITAL D/B/A COOPER ASSET, KEYBANK NA, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, AND NEW YORK CITY PARKING VIOLATIONS BUREAU,

Defendants.
-----------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
No. 22-CV-5577-CBA-JRC

**AMON, United States District Judge:**

On February 18, 2026, Freedom Mortgage Corporation ("Plaintiff") filed a motion for the Referee to deposit surplus funds with the New York City Department of Finance. (ECF Docket Entry ("D.E.") # 53.) On February 25, 2026, defendant KeyBank NA filed a motion to confirm the Referee's Report of Sale and direct that the surplus funds be distributed to defendant Accel Capital, Inc., Cohen & Cohen Law, LLC as attorneys for defendant Superior Capital d/b/a Cooper Asset, and Rupp Pfalzgraf LLC as attorneys for KeyBank NA. (D.E. # 55 (amending D.E. # 52 and as modified by D.E. # 59).) I referred the motions to the Honorable James R. Cho. (See Text Order Dated Mar. 6, 2026.) Now before me is Magistrate Judge Cho's thorough and well-reasoned Report and Recommendation recommending that I grant in part Plaintiff's motion, (D.E. # 53), to deposit funds and grant in part Plaintiff's motion to confirm the sale and distribute surplus funds (D.E # 55, as modified by D.E. # 59). (D.E. # 60 ("R&R").) No party has objected to the R&R, and the time for doing so has now passed.

## BACKGROUND

Magistrate Judge Cho's R&R sets out the facts of this case in detail. To the extent it is relevant for the purposes of this order, Plaintiff brought this diversity action to foreclose on a

mortgage encumbering 107-58 156th Street, Jamaica, New York 11433 in Queens County (the "Subject Property"). (R&R at 2.) On July 10, 2015, Seeta Abass executed and delivered a promissory note in the principal amount of $434,981.00, plus interest (the "Note"), secured by a mortgage on the Subject Property (the "Mortgage"), to United Mortgage Bankers, LTD. (Id.) Abass also executed and delivered the Mortgage to Mortgage Electronic Registration Systems, Inc., as mortgagee and as nominee for United Mortgage Bankers, LTD, its successors and assigns, which was duly recorded in the Office of the City Register for the City of New York, on August 10, 2015. (Id.) Thereafter, the Note and Mortgage were assigned to Plaintiff. (Id.)

On September 20, 2022, Plaintiff commenced this action alleging, inter alia, that Abass had failed to make payments in accordance with the terms of the Mortgage and Note since October 1, 2019, leaving an outstanding principal balance of $401,488.46. (Id. at 2-3.) Plaintiff also named as defendants the Nominal Defendants,[1] alleging that they hold liens on the Subject Property that are subordinate to Plaintiff's Mortgage. (Id.) The Court granted Plaintiff's motion for a default judgment and determined that the amount due on the mortgage was $546,120.20 as of March 20, 2025, including attorneys' fees and costs, plus additional interest at a rate of $44 per day from March 21, 2024 through the entry of judgment. (Id. at 3.) The Court subsequently entered a Judgment of Foreclosure and Sale, which ordered the Property to be sold at public auction and appointed a Referee to effectuate the sale and to file a report of sale. (Id.)

On May 30, 2025, pursuant to the Judgment, the Referee held a public auction, at which the successful bidders were Mohammed Haq and Saifer Khan, who assigned the bid to Mattie Property Inc. (Id.) On August 19, 2025, Plaintiff filed the Referee's Report of Sale and Surplus

---

[1] The Nominal Defendants include Accel Capital, Superior Capital d/b/a Cooper Asset, Keybank NA, the New York City Environmental Control Board, and the New York City Parking Violations Bureau. (R&R at 1.)

Monies Form, in which the Referee deducted from the sale price of $730,000 the Judgment, plus interest from the date of judgment, escrow advances and fees for advertising and administering the sale for a total of $592,146.52. (Id. at 3-4.)

On September 5, 2025, Keybank NA filed a notice of claim and served it upon all parties to the action, and no other claims have been filed. (Id. at 4.) On December 19, 2025, Keybank NA filed a motion to confirm the Report of Sale and for distribution of the surplus monies. (Id.) On February 18, 2026, Plaintiff filed a motion to direct the surplus funds be deposited by the Referee with the New York City Department of Finance because the Queens County Clerk, where the funds were to be deposited pursuant to the terms of the Judgment, would not accept the funds. (Id.) On February 25, 2026, Keybank NA filed an amended motion to confirm the Report of Sale, seeking an order directing that the New York City Department of Finance distribute the surplus funds, rather than the Queens County Clerk. (Id.)

## DISCUSSION

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If there has been no objection to an R&R, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quoting Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)). I find no clear error in Magistrate Judge Cho's R&R, to which no party has objected.

For the foregoing reasons, I adopt Magistrate Judge Cho's Report and Recommendation in full. First, Magistrate Judge Cho correctly determines that Plaintiff's motion to deposit the surplus funds with the New York City Department of Finance should be denied. (R&R at 5.) The Judgment provides that the Referee shall deposit the surplus monies with the Queens County Clerk, but it is

undisputed that the Queens County Clerk advised the Referee that it would not accept the funds. (Id.) Seeing as RPAPL § 1354(4) provides that "[a]ll surplus moneys . . . shall be paid into court" and no party objects to depositing the surplus funds with the Clerk of the Court for the Eastern District of New York, (id. at 6 (citing N.Y. Real Prop. Acts. Law § 1354(4))), Magistrate Judge Cho properly concludes that the Court should direct the Referee to deposit the surplus funds with the Clerk of Court for the Eastern District of New York. (Id. at 6.)

Second, Magistrate Judge Cho correctly notes that a court should confirm a Referee's report where its findings are "substantially supported by the record." 1077 Madison St., LLC v. March, No. 14-CV-4253 (JMA) (PK), 2017 WL 6383839, at *2 (E.D.N.Y. Mar. 29, 2017) (internal citations and quotation marks omitted). "Generally, New York courts will look with favor upon a Referee's report, inasmuch as the Referee, as trier of fact, is considered to be in the best position to determine the issues presented." Id. (internal citations and quotation marks omitted). No objection to the Referee's Report of Sale was filed, and after reviewing the Report of Sale and related documents, Magistrate Judge Cho correctly recommends confirming the Referee's Report of Sale.

Third, Magistrate Judge Cho correctly assesses that the Court should approve Keybank NA's application for the distribution of surplus funds. (Id. at 8.) Keybank NA requests that the surplus funds be distributed first to defendant Accel Capital; second, to Cohen & Cohen Law, LLC as attorney for defendant Superior Capital d/b/a Cooper Asset; and third, to Rupp Pfalzgraf LLC as attorney for defendant Keybank NA, (id. at 7)—entities that were named as Party Defendants because they held liens which are subordinate to the lien of Plaintiff's mortgage. (D.E. # 1 ("Compl.") ¶ 3.) Keybank NA submitted a lien search on the subject Property showing any

outstanding judgments and liens of record, as well as a declaration indicating that it served its notice of claim to surplus monies on all parties to the action. (D.E. ## 55-1; 55-4.)

No opposition has been filed against Keybank NA's timely request to distribute the surplus funds. (R&R at 7.) Magistrate Judge Cho accordingly correctly concludes that, to the extent Keybank NA's lien search demonstrates unsatisfied liens held by defendants New York City Environmental Control Board and New York City Parking Violations Bureau, those entities did not oppose Keybank NA's motion, despite the fact Keybank NA's motion was sufficient to put the City Defendants on notice that they needed to take some action to establish the existence of any debt and its priority. (Id.) Magistrate Judge Cho correctly found that City Defendants have therefore defaulted from participation in the distribution. (Id. at 8 (citing Riverhead Sav. Bank v. Garone, 583 N.Y.S.2d 483, 485-86 (App. Div. 1992).)

I find no clear error in any of Magistrate Judge Cho's determinations.

## CONCLUSION

For the foregoing reasons, I adopt Magistrate Judge Cho's Report and Recommendation in full. Plaintiff's motion (D.E. # 53) and Keybank NA's motion (D.E. ## 52, 55) are granted in part and denied in part. They are denied to the extent they seek to have the surplus funds deposited by the Referee with the New York City Department of Finance. In all other respects, the Court grants the motions: confirming the Referee's Report of Sale, directing the Referee to deposit the surplus funds with the Clerk of Court for the Eastern District of New York, and granting Keybank NA's application that the surplus funds be distributed in the following order of priority: first, to defendant Accel Capital in the amount of $20,969.28, plus interest in the amount of $15,397.81, for a total distribution of $36,367.09; second, to Cohen & Cohen Law, LLC, as attorney for defendant Superior Capital d/b/a Cooper Asset in the amount of $41,573.60, plus interest in the amount of

$29,092.46, for a total distribution of $70,666.06; and, third, any remaining funds up to $51,443.72 to Rupp Pfalzgraf LLC, as attorneys for Keybank NA.

SO ORDERED.

Dated: September 24, 2026
Brooklyn, New York

s/Carol Bagley Amon

Carol Bagley Amon
United States District Judge